# Order

**Michigan Supreme Court**
**Lansing, Michigan**

October 26, 2010

Marilyn Kelly,
Chief Justice

Michael F. Cavanagh
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman
Diane M. Hathaway
Alton Thomas Davis,
Justices

139677

WAYNE COTTRILL, Individually and as
Next Friend of JEREMY COTTRILL, and
SALLY COTTRILL,
        Plaintiffs,

and

SALLY COTTRILL as Next Friend of
ANTHONY KELSEY,
        Plaintiff-Appellant,

v

                                    SC: 139677
                                    COA: 285216
                                    Genesee CC: 06-084724-NI

CRAIG KENNETH SENTER,
        Defendant-Appellee,

and

FENTON LANES INC.,
        Defendant.
_____/

        By order of December 21, 2009, the application for leave to appeal the June 23, 2009 judgment of the Court of Appeals was held in abeyance pending the decision in *McCormick v Carrier* (Docket No. 136738). On order of the Court, the case having been decided on July 31, 2010, 487 Mich ___ (2010), the application is again considered and, pursuant to MCR 7.302(H)(1), in lieu of granting leave to appeal, we VACATE the judgments of the Court of Appeals and the Genesee Circuit Court, and we REMAND this case to the trial court for reconsideration in light of *McCormick*.

        CORRIGAN, J. (*concurring*).

        I concur in the order remanding for reconsideration under *McCormick v Carrier,* 487 Mich ___ (2010), because the majority opinion in *McCormick* altered the criteria for determining whether an injured plaintiff meets the serious impairment threshold in MCL 500.3135(7). But I reiterate my disagreement with the *McCormick* majority's analysis

for the reasons expressed in Justice MARKMAN's dissent in that case, which I joined. I continue to conclude that the *McCormick* majority misinterpreted MCL 500.3135(7), thus encouraging litigation that is expressly prohibited by the motor vehicle no-fault insurance act and upsetting the Legislature's clear intent to provide Michigan citizens with timely, automatic benefits for injuries sustained in auto accidents while avoiding costly, unnecessary litigation.

YOUNG, J. (*concurring*).

Although I recognize that this Court's decision in *McCormick v Carrier*, 487 Mich ___ (2010), now controls when a person may recover in tort for non-economic loss under the no-fault act, I continue to adhere to the position stated in Justice MARKMAN's dissenting opinion in that case, which I joined.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

October 26, 2010

_____
Clerk

d1018